No. 33,152

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF FORD,
*Appellee*, v. V. C. ROBB, Z. HAGER, *Defendants;* J. A. MELIA,
WALTER V. SCOTT and G. B. SMITH, *Appellants.*

(64 P. 2d 69)

Opinion filed January 23, 1937.

*Carl Van Riper* and *Russell L. Hazzard*, both of Dodge City, for the appellants.

*Harold Zimmer*, of Dodge City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover on a bond given to secure county deposits in a failed bank. Judgment was for the plaintiff. Defendants appeal.

The defendants had given a bond to secure the deposits of county funds in the Ford State Bank. Later, while the bond was in effect, the bank failed. After the bank had been liquidated and the county's share of the assets of the bank had been paid to it, this action was brought on the bond. The bondsmen answered that there was no such an amount as the amount for which suit was brought on deposit in the bank.

The sole question at the trial of the action was the amount deposited by the county in the bank. To prove this, the county put the county treasurer who was serving at the time the deposits were made, on the stand. She testified that a book was used by her as county treasurer at the time in question to keep an account with the different banks of the county of deposits and withdrawals. She identified a particular page of the book as the one upon which the account with the Ford State Bank appeared. She also testified that there were no deposits or withdrawals that did not appear on that page. This book was then offered in evidence. The amount that

126

was on deposit in the bank on the day it closed was shown thereon, also a dividend that had been paid by the receiver subsequently. The defendants objected to the admission of this ledger on the ground that it was hearsay and not binding upon the bank, not binding upon the defendants, and that it was a self-serving record kept by the agent of the plaintiff. The court overruled the objection and admitted the paper on the ground that it was a public record kept by a public officer.

At the close of the plaintiff's evidence the defendants demurred to it on the ground that it failed to establish facts sufficient to entitle the plaintiff to recover from the defendants. This demurrer was overruled. Defendants elected to stand upon their demurrer.

They filed a motion for a new trial and this was overruled and judgment rendered in accordance with the balance shown on the ledger sheet. This appeal followed.

Defendants first argue that the ledger sheet was incompetent because it was hearsay, being clearly a record made from other records. Defendants concede that if the ledger sheet should be held to be a public record then this objection would not be good. Their argument is directed at the proposition that this was not a public record within the meaning of R. S. 60-2870. That section is as follows:

"The books and records required by law to be kept by any probate judge, county clerk, county treasurer, register of deeds, clerk of the district court, justice of the peace, police judge, or any other public officers, may be received in evidence in any court."

The argument of defendants is that a record such as that offered was not required by law to be kept and only a record required by law to be kept is admissible as a public record.

R. S. 19-507 prescribes some of the duties of the county treasurer. This section requires that he keep a just and true account of the receipts and expenditures of all money that shall come into his hands, by virtue of his office, in a book or books to be kept by him for that purpose. The entire plan upon which the legislature provided that the county treasurer's office should be conducted contemplated that money should be carried on deposit in banks. (See *Amusement Co. v. Eddy*, 143 Kan. 988, 57 P. 2d 458.) The statute does not provide just what books shall be kept by the treasurer, but no reason appears why this bank ledger did not answer the purpose. This question was considered by this court in the case of *Hudson*

*v. Herman,* 81 Kan. 627, 107 Pac. 35. In that case a stub book of tax-sale assignments was permitted to be introduced in evidence. When this point was raised this court said:

"The statutes require the county treasurer to keep a just and true account of all moneys received by him and whenever he receives any tax to give a receipt therefor. They do not prescribe the kinds of account books he shall keep. *Held,* that any book essential or convenient for the purpose will suffice, and any such book officially adopted and used falls within the requirement of the law." (Syl. ¶ 3.)

It will be noted that the above authority holds that any book essential or even convenient to the treasurer for the purpose of keeping accounts of receipts and disbursements would come under the provisions of R. S. 19-507.

R. S. 1933 Supp. 19-530 requires the county treasurer to deposit daily all money that shall come into his hands in county depositories designated by the board of county commissioners which have furnished a bond in a sum double the amount that may be on deposit at any one time if a personal bond. The county treasurer is authorized to deposit only in banks that have given such a bond. Obviously a ledger such as that offered in this case is essential to a proper compliance with R. S. 19-507.

The defendants next argue that even if the ledger in question should be held to be a public record still it is not admissible because it is not the best evidence.

This point is not good. The person who was county treasurer at the time the bank failed was on the stand. She identified the sheet, and testified that it was the sheet upon which deposits in the bank in question were recorded and that there were no transactions with that particular bank which did not appear on that page. This is better evidence than the introduction of a bunch of separate deposit slips would have been. See 22 C. J. 801, 804.

The judgment of the trial court is affirmed.